UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KIRK ANTHONY BOWMAN,<br><br>Defendant. | Case No. 2:03-cr-00015-APG-PAL<br><br>**ORDER DENYING MOTION TO TERMINATE FURTHER COLLECTION OF RESTITUTION**<br><br>(ECF. No. 61) |

Defendant Kirk Anthony Bowman filed a motion to terminate any further collection of restitution. ECF No. 61. The United States opposes, arguing that Bowman must bring this request by way of a petition for writ of habeas corpus under 28 U.S.C. § 2241, that such a petition must be brought in the custodial court, that Bowman has failed to exhaust his administrative remedies, and that Bowman is wrong on the merits of his motion. ECF No. 64. I agree.

Bowman does not appear to be attacking the original order of restitution. Rather, he asserts that the Bureau of Prisons does not have authority to collect the restitution amount. He requests an order that the Bureau of Prisons "terminate all further collections and repay him for any and all funds unlawfully collected." ECF No. 61 at 3. Because Bowman is challenging the manner or condition of the execution of his sentence of restitution, his claim must be brought as a petition for a writ under § 2241, and it must be brought in the custodial court (here, in the District of Arizona). *Hinojosa v. Shartle*, No. CV-12-00921-TUC-BGM, 2015 WL 3823791, at \*2 (D. Ariz. June 19, 2015).

To the extent Bowman's motion can be interpreted as a request to modify his sentence and terminate the restitution portion, I deny it. He has shown no authority or reason to hold that restitution was improper or that his restitution obligation should state it terminates upon completion of supervised release or upon him being returned to prison on an unrelated conviction. ECF No. 61 at 2.

For these reasons, Bowman's motion **(ECF No. 61) is DENIED**.

DATED this 2nd day of May, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE